| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c) |
| **LOWENSTEIN SANDLER PC**<br>Kenneth A. Rosen, Esq. (KR 4963)<br>John K. Sherwood, Esq. (JS 2453)<br>Wojciech F. Jung, Esq. (WJ 2047)<br>65 Livingston Avenue<br>Roseland, New Jersey 07068<br>Tel: (973) 597-2500<br>Fax: (973) 597-2400<br><br>*Proposed Counsel to Debtor and Debtor-in-Possession* |

Order Filed on 2/17/2011 by Clerk U.S. Bankruptcy Court District of New Jersey

| | |
|---|---|
| In re:<br><br>OCEAN PLACE DEVELOPMENT LLC,<br><br>   Debtor. | Chapter 11<br><br>Case No.  11-14295 (MBK) |

### INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL, PROVIDING ADEQUATE PROTECTION AND SETTING A FINAL HEARING

The relief set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED**.

**DATED: 2/17/2011**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page:          2
In Re:         Ocean Place Development LLC
Case No.:      11-14295 (MBK)
Caption of Order: Interim Order Authorizing Use of Cash Collateral, Providing Adequate Protection and Setting a Final Hearing

---

**THIS MATTER** having come before the Court on the motion (the "**Motion**")[1] of Ocean Place Development LLC (the "**Debtor**") for entry of an interim order pursuant to 11 U.S.C. §§ 105, 361, 362 and 363 and Fed. R. Bankr. P. 4001 (i) approving the use of cash collateral, (ii) providing adequate protection, and (iii) setting a final hearing pursuant to Fed. R. Bankr. P. 4001; and the Court finding that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interest of the Debtor, its estate and creditors; (iv) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (v) upon the record herein, after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein, it is hereby

**ORDERED**:

1.      **Use of Cash Collateral**.  The Debtor is authorized, in accordance with the terms of this Order and the cash collateral budget (the "**Budget**") attached hereto as **Exhibit "A"**, to use AFP's cash collateral (as such term is defined in 11 U.S.C. § 363(a), "**Cash Collateral**") through the Final Hearing Date (as defined herein) (such period being referred to herein as the "**Interim Cash Collateral Period**").  The Debtor may amend, alter, revise or supplement the Budget after the date of this Order with the written consent of AFP, which consent shall not be unreasonably withheld.  The Debtor is hereby authorized and directed to continue all pre-petition practices and procedures with respect to the delivery of cash receipts collected during any week to the Bank and requests for disbursements in accordance with the Lock Box Agreement.  For the purposes of this Order, the term "cash receipts" means all funds collected by the Debtor whether on account of accounts receivable, asset sales or otherwise. Until further order of the Court or agreement of the Debtor and AFP, the Bank during the Interim

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Page:           3
In Re:          Ocean Place Development LLC
Case No.:       11-14295 (MBK)
Caption of Order: Interim Order Authorizing Use of Cash Collateral, Providing Adequate Protection and Setting a Final Hearing

---

Cash Collateral Period shall maintain the Account and the Lockbox and fund the disbursements contained in the Budget.

2. The Debtor is hereby authorized to use Cash Collateral during the Interim Cash Collateral Period solely to pay the ordinary and reasonable expenses of operating its business in accordance with the Budget, and shall be enjoined and prohibited from, at any time, using Cash Collateral or any proceeds thereof except in accordance with the terms and conditions of this Order and the Budget; <u>provided</u>, that in no event shall the Debtor's actual disbursements for any given week during the Interim Cash Collateral Period exceed the sum of (a) 110% of the disbursements projected for such week in the Budget, plus (b) with respect to any line item of the Budget, any unused portion of the disbursements projected for any prior week in the Budget for such line item.

3. **Adequate Protection**. As adequate protection for the Debtor's use of Cash Collateral, AFP is hereby granted:

  a. **Replacement Lien**. A replacement perfected security interest under section 361(2) of the Bankruptcy Code, to the extent AFP's Cash Collateral is used by the Debtor and to the extent of any diminution in the value of AFP's collateral under the Loan Documents (the "**AFP Collateral**"), with the same priority in the Debtor's post-petition property, and proceeds thereof, that AFP held in the AFP Collateral, including any and all real and personal property and interests in real or personal property owned by the Debtor that as of the Petition Date does not constitute AFP Collateral, and any and all real and personal property and interests in real or personal property which becomes part of the Debtor's estate on or after the Petition Date and the proceeds therefrom (excluding avoidance actions of the Debtor's estate arising under sections 544, 545, 547, 548, 550 and 553 of the Bankruptcy Code and all proceeds thereof). Nothing herein shall be deemed to alter or affect any valid, pre-petition security interests in or liens on the Debtor's assets held by any secured creditor other than AFP. The

Case 11-14295-MBK    Doc 22    Filed 02/17/11    Entered 02/17/11 15:15:19    Desc Main
Document    Page 4 of 7

Page:           4
In Re:          Ocean Place Development LLC
Case No.:       11-14295  (MBK)
Caption of Order:  Interim Order Authorizing Use of Cash Collateral, Providing Adequate Protection and Setting a Final Hearing

replacement liens granted herein shall not prime, alter or affect the priority of any valid, pre-petition security interests in or liens on the Debtor's assets held by any secured creditor that were, as of the Petition Date, senior in priority to the liens of AFP in and to the AFP Collateral.

b. **Super-Priority Claim**. AFP is hereby granted, to the extent AFP's Cash Collateral is used by the Debtor and to the extent of any diminution in the value of the AFP Collateral, an allowed super-priority administrative claim with priority over all claims, including, without limitation, administrative expenses of the kinds specified in, or ordered pursuant to, Bankruptcy Code sections 105, 326, 330, 331, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 546(d) and 1114, as provided for in section 507(b) of the Bankruptcy Code, payable from and having recourse to all pre-petition and post-petition property of the Debtor and all proceeds thereof (excluding avoidance actions of the Debtor's estate arising under sections 544, 545, 547, 548, 550 and 553 of the Bankruptcy Code and all proceeds thereof).

c. **Deemed Perfected**. The replacement liens granted herein are automatically deemed perfected upon the entry of this Order without the necessity of AFP taking possession, filing financing statements, mortgages or other documents. Although not required, upon request by AFP, the Debtor shall execute and deliver to AFP any and all UCC Financing Statements, UCC Continuation Statements, or other instruments or documents considered by AFP to be reasonably necessary in order to perfect the security interests and liens in the Debtor's post-petition collateral and proceeds granted by this Order, and AFP is authorized to receive, file and record the foregoing at its own expense, which actions shall not be deemed a violation of the automatic stay embodied in 11 U.S.C. § 362. Without limiting the foregoing, AFP may, in its sole and absolute discretion, file a photocopy of this Order as a financing statement with any recording officer designated to file financing statements or with any registry of deeds or similar office in any jurisdiction in which the Debtor has real or personal property, and in such event, the subject filing or recording officer shall be authorized to file or record such copy of this Order.

Page:          5
In Re:         Ocean Place Development LLC
Case No.:      11-14295  (MBK)
Caption of Order:  Interim Order Authorizing Use of Cash Collateral, Providing Adequate Protection and Setting a Final Hearing

        d.    **Default Hearing**. In the event the Debtor defaults or violates this Order, AFP is entitled to request a hearing within five (5) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within 48 hours).

    4.    **AFP's Rights of Inspection and Audit**. Upon reasonable notice by AFP, the Debtor shall permit AFP and any of its agents reasonable access to the Debtor's records and place of business during normal business hours to verify the existence, condition and location of collateral in which AFP holds a security interest and to audit the Debtor's cash receipts and disbursements.

    5.    **Reservation of Rights**.

    (a)    By granting AFP the adequate protection specified herein, the Debtor does not waive, and expressly reserves, its rights to subsequently contest the validity, extent, priority and/or perfection of AFP's liens and security interests in the Debtor's property and to assert any other claims.

    (b)    Nothing contained herein shall be deemed or construed to: (a) limit AFP to the relief granted herein; (b) bar AFP from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Debtor and other parties-in-interest entitled to notice of same; or (c) require AFP to make any loans or advances to the Debtor.

    6.    **Final Hearing**. A final hearing on the Motion shall be held on March 9, 2011 (the "**Final Hearing Date**") in Courtroom 3 of the United States Bankruptcy Court, 402 East State Street, New Jersey 08608 at 10:00 a.m. All objections to the Motion and the entry of a final order granting the Motion shall be filed and served by February 23, 2011 by 5:00 p.m. (ET), and any reply to such objections shall be filed and served by March 7, 2011 by 5:00 p.m. (ET).

    7.    **Notice of Order.** Within two (2) business days of the entry of this Order, the Debtor shall serve, or caused to be served, a copy of this Order by first class mail on: (i) the

Page:      6
In Re:     Ocean Place Development LLC
Case No.:  11-14295 (MBK)
Caption of Order: Interim Order Authorizing Use of Cash Collateral, Providing Adequate Protection and Setting a Final Hearing

---

Office of the United States Trustee; (ii) counsel for AFP; (iii) counsel to The West Paces Hotel Group, LLC; (iv) JP Morgan Chase Bank, NA.; (v) all known secured creditors; and (vi) counsel to any committee appointed under section 1102 of the Bankruptcy Code, if one has been appointed, and if not, to the Debtor's twenty (20) largest unsecured creditors.

8. **Immediate Effect.** This Order shall be effective immediately upon its entry.

# EXHIBIT A
## [Budget][2]

**OCEAN PLACE RESORT - CASH BUDGET**

|  | Week 1<br>2/14/2011 | Week 2<br>2/21/2011 | Week 3<br>2/28/2011 | Week 4<br>3/7/2011 | Week 5<br>3/14/2011 |
|---|---|---|---|---|---|
| **Sales & Income:** | | | | | |
| **Rooms** | 77,989 | 77,989 | 54,973 | 54,973 | 54,973 |
| **Food & Beverage** | 59,806 | 59,806 | 40,079 | 40,079 | 40,079 |
| **Spa / Fitness** | 16,661 | 16,661 | 10,154 | 10,154 | 10,154 |
| **Golf** | - | - | - | - | - |
| **Communications** | 451 | 451 | 30 | 30 | 30 |
| **Retail** | - | - | - | - | - |
| **Other Operating** | 5,533 | 5,533 | 3,745 | 3,745 | 3,745 |
| **Rent & Other Income** | 2,353 | 2,353 | 1,655 | 1,655 | 1,655 |
| **Sales, Use & Occupancy Taxes** | 20,635 | 20,635 | 13,991 | 13,991 | 13,991 |
| **Total Revenue:** | **183,428** | **183,428** | **124,626** | **124,626** | **124,626** |
| | | | | | |
| **Payroll** | | 194,320 | - | 217,874 | - |
| **Payroll Taxes and Employee Benefits @ 25%** | | 48,580 | - | 54,468 | - |
| **F&B COS** | 11,356 | 45,424 | 8,023 | 8,023 | 8,023 |
| **Spa COS** | | 1,294 | | 864 | |
| **Management Fee's** | | | | | 30,000 |
| **Utilities + Telecom** | | | 138,300 | | |
| **Rooms Dept. Expense** | 8,350 | 8,350 | 6,615 | 6,615 | 6,615 |
| **F&B Dept. Expense** | 5,001 | 5,001 | 4,742 | 4,742 | 4,742 |
| **Other Operating Expense-Spa,A&G, Sales, Eng** | | 28,881 | 23,261 | 23,261 | 23,261 |
| **Life Guards- Contract** | | | | | |
| **IT Support - Contract** | | | 7,755 | | |
| **Sales, Use & Occupancy Taxes** | | | | | 78,120 |
| **Property Tax** | | | | | |
| **Total Expense:** | **24,707** | **331,850** | **188,696** | **315,847** | **150,761** |
| **Weekly Net (+/-):** | 158,721 | (148,422) | (64,070) | (191,221) | (26,135) |
| **Beginning Cash Balance** | - | 158,721 | 10,299 | (53,771) | (244,992) |
| **Ending Cash Balance** | **158,721** | **10,299** | **(53,771)** | **(244,992)** | **(271,127)** |

---

[2] This forecast (which incorporates any detailed information that may follow) is based upon assumptions reflecting conditions we expect to exist, however, some assumptions inevitably will not materialize and unanticipated events and circumstances may occur; therefore actual results achieved may vary from our estimation and the variation may be material. West Paces Hotel Group, L.L.C. extends no guarantees and makes no warranties, express or implied with respect to this forecast. In that regard, neither West Paces Hotel Group, L.L.C. nor any affiliate, employee, officer, director, shareholder or agent thereof, shall have any liability what so ever arising from this forecast or the actual results achieved. This forecast is applied further by the limited conditions and assumptions that may be attached.

NY01/FEDEB/1459701.3

*Approved by Judge Michael Kaplan February 17, 2011*