UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen, Esq. (KR 4963)
John K. Sherwood, Esq. (JS 2453)
Wojciech F. Jung, Esq. (WJ 2047)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400

*Counsel to Debtor and Debtor-in-Possession*

In re:

OCEAN PLACE DEVELOPMENT LLC,

        Debtor.

Chapter 11

Case No. 11-14295 (MBK)

**ORDER APPROVING DEBTOR'S MOTION PURSUANT TO 11 U.S.C. 105(a)
AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002(a)(3) AND
9019(a) FOR A SETTLEMENT AND COMPROMISE BETWEEN THE DEBTOR
AND THE WEST PACES HOTEL GROUP, LLC**

      The relief set forth on the following pages, numbered two (2) through three (3), is

hereby **ORDERED.**

Page:    2
Debtor:  Ocean Place Development LLC
Case No.: 11-14295 (MBK)
Caption: Order Approving Debtor's Motion Pursuant To 11 U.S.C. 105(a) And Federal Rules Of Bankruptcy Procedure 2002(a)(3) And 9019(a) For A Settlement And Compromise Between The Debtor And The West Paces Hotel Group, LLC

_____

Upon consideration of the motion of the above-captioned debtor and debtor-in-possession (the "**Debtor**") for an order (the "**Order**") approving the *Debtor's Motion Pursuant To 11 U.S.C. 105(a) And Federal Rules Of Bankruptcy Procedure 2002(a)(3) and 9019(a) For Entry Of An Order Approving A Settlement And Compromise Between the Debtor and the West Paces Hotel Group, LLC* (the "**Motion**"); and the Court having jurisdiction pursuant to sections 157 and 1334 of title 28 of the United States Code to consider the Motion and the relief requested therein; and venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor's estate, its creditors, and all parties in interest, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that:

1. The Motion is granted and any and all objections to the relief sought therein, to the extent not otherwise resolved or withdrawn, are herby overruled on the merits.

2. The *Stipulation for the Allowance of Administrative Claim and General Releases* annexed hereto as **Exhibit A** is hereby approved in its entirety as if fully set forth herein.

-3-

Page: 3
Debtor: Ocean Place Development LLC
Case No.: 11-14295 (MBK)
Caption: Order Approving Debtor's Motion Pursuant To 11 U.S.C. 105(a) And Federal Rules Of Bankruptcy Procedure 2002(a)(3) And 9019(a) For A Settlement And Compromise Between The Debtor And The West Paces Hotel Group, LLC

_____

    3.    The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to the Settlement Agreement.

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>OCEAN PLACE DEVELOPMENT LLC,<br><br>Debtor. | Chapter 11<br><br>Case No.  11-14295 (MBK) |

**STIPULATION FOR THE ALLOWANCE OF ADMINISTRATIVE**
**CLAIM AND GENERAL RELEASES**

This Stipulation (the "*Stipulation*") is made by and among Ocean Place Development LLC, the above-referenced debtor and debtor-in-possession (the "*Debtor*"), The West Paces Hotel Group, LLC ("*WPHG*") and WPHG Ocean Place Human Resources, L.L.C., a wholly owned single purpose subsidiary of WPHG (the "*SPE*"), and together with the Debtor, WPHG and SPE, collectively the "*Parties*." The Parties, through their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, on or about October 24, 2005, Tiburon Ocean Place LLC ("*Tiburon*") and WPHG entered into an Operating Agreement, as well as certain amendments thereto (as amended, the "*Operating Agreement*"); and

WHEREAS, subsequently, with the consent of WPHG, Ocean Place Development LLC assumed Tiburon's obligations under the Operating Agreement; and

WHEREAS, under the Operating Agreement, among other things, WPHG managed the Debtor's day-to-day affairs at the Debtor's property known as the Ocean Place Resort & Spa (the "*Resort Property*"); and

WHEREAS, in providing services under the Operating Agreement, SPE employed the personnel working at the Resort Property; and

WHEREAS, on February 15, 2011, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in United States Bankruptcy Court for the District of New Jersey (the "**Bankruptcy Court**"); and

WHEREAS, on March 31, 2011, the Court entered an *Order Authorizing the Rejection of Certain Executory Contract* [the Operating Agreement] *Nunc Pro Tunc and Fixing a Rejection Claims Bar Date* [Docket No. 123]; and

WHEREAS, on April 15, 2011, WPHG filed a proof of claim in the Debtor's bankruptcy case in the amount of $11,014,020.44, which claim has been designated as claim number 22-1 ("**Claim 22**") on the Claims Register maintained in this case; and

WHEREAS, WPHG has asserted that, subject to the statutory cap imposed by 11 U.S.C. § 507(a)(4), the Debtor owes certain incentive compensation payments for the year ending December 31, 2010 to twenty five (25) of SPE's employees (the "**Employees**") working at the Resort Property (in connection with the Operating Agreement) and that said incentive compensation (prior to the priority limit under section 507(a)(4) of the Bankruptcy Code), plus attendant payroll taxes, does not exceed $172,833.68 in the aggregate; and

WHEREAS, the Employees have asserted or may assert certain claims against the Debtor with respect to the above-referenced incentive compensation (collectively, the "**Employee Claims**")[1]; and

WHEREAS, on April 15, 2011, WPHG filed *The West Paces Hotel Group, LLC's Motion For Allowance And Payment Of Administrative Claim Under 11 U.S.C. § 503* [Docket No. 137] (the "**Motion**"); and

---

[1] Based on the Debtor's review of the Claims Register, it would appear that the Employee Claims include Claim Nos. 29, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 61, 62, 63 and 65.

-2-

DALLAS 2239508v.3

WHEREAS, through the Motion, WPHG seeks the allowance and payment of $45,845.34 for post-petition services provided to the Debtor under the Operating Agreement (the "***WPHG Administrative Claim***"); and

WHEREAS, the Parties desire to fully and finally resolve all disputes which exist or may exist between them as set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. The WHEREAS clauses set forth above are hereby made an integral part of this Stipulation.

2. Upon the approval of this Stipulation by the Bankruptcy Court, the WPHG Administrative Claim shall be an allowed administrative expense claim in the Debtor's bankruptcy case. The WPHG Administrative Claim shall be paid by the Debtor as soon as practicable upon the entry of a final and non-appealable order (the "***Order***") approving this Stipulation. Upon the Debtor's payment of the WPHG Administrative Claim, the Motion shall be deemed resolved and any relief requested therein not otherwise specifically provided for herein shall be deemed withdrawn with prejudice without further notice or order of the Bankruptcy Court.

3. The Debtor, at no expense to WPHG or SPE, may prepare or cause to be prepared a certified audit (the "***Audit***") or other review of operations at the Resort Property under the Operating Agreement to determine, among other things, (i) whether certain financial thresholds were satisfied for year 2010 operations thereby triggering employee-incentive compensation payments for the year 2010, (ii) whether employee-incentive payments and other charges and payments by or to WPHG, SPE or the Employees were made in compliance with the Operating

Agreement and other incentive compensation agreements between WPHG or SPE and the Employees (the "*Incentive Compensation Agreements*"), (iii) whether the Employees are owed the Employee Claims or any additional compensation pursuant to the Operating Agreement and the Incentive Compensation Agreements, and (iv) whether the Employees collected excess compensation.

4. Assuming such information is within the custody and control of WPHG or SPE, WPHG and SPE shall use commercially reasonable efforts to cooperate with the Debtor and its auditor conducting the Audit, including, but not limited to, providing timely responses to document and information requests related to the Resort Property and the Operating Agreement. Without limitation and assuming such information is within the custody and control of WPHG or SPE, WPHG and SPE shall make available documents and information substantiating guest satisfaction and employee satisfaction data used to calculate incentive compensation amounts, including copies of executed Incentive Compensation Agreements, if available, with the Employees and the actual calculations of such claimed amounts due, if any. Upon prior reasonable notice, WPHG shall also make available Kirk Jones, WPHG's Vice President of Finance Operations, to provide information, both written and testimonial, requested by the Debtor or its auditor in connection with the Audit.

5. The Debtor retains the right to assert a claim against WPHG or SPE within ninety (90) days from the entry of the Order (the "*End Date*"), which End Date may be extended by mutual agreement of the Parties or by order of the Bankruptcy Court.

6. Unless the Debtor brings an action (whether by a motion or an adversary proceeding in the Bankruptcy Court) against WPHG or SPE on or before the End Date, the following mutual releases shall become effective:

(a) By the Debtor Parties:

The Debtor on behalf of itself and all of its past and present individual owners, partners, shareholders, parent corporations, subsidiaries, affiliates, officers, directors, employees, successors, predecessors, assigns, representatives, heirs, beneficiaries, administrators, executors, agents, attorneys and anyone else acting on its behalf (collectively, the "***Debtor Parties***") hereby releases and forever discharges WPHG, SPE and all of their past and present individual owners, members, partners, shareholders, parent corporations, subsidiaries, affiliates, officers, directors, employees, successors, predecessors, assigns, representatives, heirs, beneficiaries, administrators, executors, agents, attorneys and anyone else acting on its behalf (collectively, the "***West Paces Parties***") from any and all manner of actions, suits, debts, dues, accounts, bonds, covenants, contracts, obligations, agreements, payments, demands, demands for legal fees and costs, claims, causes of action, liabilities and responsibilities of any kind or character, whether known or unknown, foreseen or unforeseen, which the Debtor Parties now have, had, or may have, against the West Paces Parties from the beginning of the world to date of the execution of this Stipulation, including, but not limited to, all issues arising out of the Operating Agreement *provided*, *however*, that the foregoing release is not intended, nor shall it be construed, to release any obligations arising from or relating to this Stipulation including, without limitation, allowance of and payment of the WPHG Administrative Claim.

(b) By the West Paces Parties:

The West Paces Parties hereby release and forever discharge the Debtor Parties from any and all manner of actions, suits, debts, dues, accounts, bonds, covenants, contracts, obligations, agreements, payments, demands, demands for legal fees and costs, claims, causes of action, liabilities and responsibilities of any kind or character, whether known or unknown, foreseen or unforeseen, which the West Paces Parties now have, had, or may have, against the Debtor Parties from the beginning of the world to the execution of this Stipulation including, but not limited to, all issues arising out of the Operating Agreement and Claim 22, *provided*, *however*, that the foregoing release is not intended, nor shall it be construed, to release any obligations arising from or relating to this Stipulation. For purposes of clarity, Claim 22 shall be deemed withdrawn with prejudice and any claims scheduled by the Debtor for WPHG or SPE in its schedules filed in the bankruptcy case shall be deemed satisfied without further notice or order from the Bankruptcy Court.

7. The foregoing releases shall be deemed null and void, and of no force and effect, if the Debtor brings an action against WPHG or SPE on or before the End Date.

-5-

8.  Notwithstanding the releases set forth in Paragraph 6 above, the approval of this Stipulation is not intended to, nor shall it be construed to, be an allowance of the Employee Claims and the releases are not contingent upon the allowance or disallowance of said Employee Claims.  Among other things, the allowance of the Employee Claims shall be subject to (i) the claims bar date established in the Debtor's bankruptcy case and (ii) the results of the Audit or other review.  If no objections to the Employee Claims are filed by the End Date, the Employee Claims shall be deemed allowed and the Debtor shall pay the Employees such Employee Claims within ten (10) days after the End Date; provided, however, that any Employee Claim paid pursuant to this Stipulation shall be limited to the priority cap of $11,725 per Employee and shall not exceed the properly allowable compensation to any such employee.  Nothing in this Stipulation is intended to limit the Employees' rights to assert other non-priority claims against the Debtor, nor shall this Stipulation be construed to constitute allowance of such other non-priority claims, if any, in this bankruptcy case.

9.  This Stipulation may be executed in counterparts, each of which will be deemed an original, but together it shall constitute one and the same instrument.

10.  The Parties warrant and represent: (a) that they have been fully informed and have full knowledge of the terms, conditions and effects of this Stipulation; (b) that they have, either personally or through their attorneys, fully investigated, to their full satisfaction, all facts surrounding the various claims, controversies and disputes among them, and are fully satisfied with the terms and effects of this Stipulation; (c) that no promise, representation, or inducement has been offered or made except as herein set forth, and that this Stipulation is executed without reliance upon any statement or representation by any other Party or its employees, partners,

officers, affiliates, agents or attorneys; and (d) that its undersigned counsel has full power and authority to execute this Stipulation.

11. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation on shorted notice by either of the Parties.

12. This Stipulation shall become effective upon entry of the Order by the Bankruptcy Court approving same.

AGREED TO AND STIPULATED:

**LOWENSTEIN SANDLER PC**
Attorneys for the Debtor

By: ___/s/___ *Wojciech F. Jung*___
    John K. Sherwood, Esq.
    Wojciech F. Jung, Esq.
    65 Livingston Avenue
    Roseland, New Jersey 07068
    (973) 597.2500

**GARDERE WYNNE SEWELL LLP**
Attorneys for West Paces

By: ___/s/___ *Holland N. O'Neal*___
    Holland N. O'Neil, Esq.
    3000 Thanksgiving Tower
    1601 Elm Street
    Dallas, Texas 75201-4761
    Telephone: (214) 999.3000