**WILENTZ, GOLDMAN & SPITZER P.A.**
90 Woodbridge Center Dr
Suite 900, Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
DAVID H. STEIN, ESQUIRE (DHS-8514)
*Attorneys for Hess Corporation*

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>OCEAN PLACE DEVELOPMENT LLC,<br><br>Debtor. | Chapter 11<br><br>Case No.: 11-14295 (MBK)<br><br>Hearing Date: August 22, 2011 at 11:00 a.m. |

### OBJECTION TO DISCLOSURE STATEMENT BY HESS CORPORATION

Hess Corporation ("Hess"), by and through its counsel, Wilentz, Goldman & Spitzer, P.A., for its objection to the Disclosure Statement filed by Ocean Place Development LLC on July 17, 2011, states as follows:

1. On June 22, 2011, Hess filed a Proof of Claim for the total amount of $60,998.74, of which it claimed $19,826.20 as a Section 503(b)(9) administrative expense for goods, specifically natural gas, received by the Debtor within the 20-day period prior to the Debtor's Chapter 11 filing. The Debtor has not objected to that claim.

2. On August 5, 2011, Hess Amended its Proof of Claim to the total amount of $97,818.59, which included the Section 503(b)(9) administrative expense in the amount of $19,826.20, in addition to its unsecured and lease rejection damages claims.

3. 11 U.S.C. §1129(a)(9) provides that holders of claims specified in 11 U.S.C. § 507(a)(2) must be paid <u>in cash on the effective date of the plan</u>, unless such claimholders have

#3410849 (001005.974)

agreed to different treatment. Section 507(a)(2) claims include, by definition, all administrative expenses allowed under Section 503(b). Section 503(b) expenses include claims under Section 503(b)(9) for "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of the debtor's business."

4. The proposed plan, as described in and appended to the disclosure statement, does not provide for the payment of 11 U.S.C. §503(b)(9) administrative expenses in cash upon the plan's effective date, as required by the Code. Instead, it provides for payment of such expenses to be made on the later of three dates: i) on or "as soon as reasonably practicable after the Effective Date," ii) on or "as soon as reasonably practicable" after the claim is allowed, and iii) the date such claim becomes "due and payable." See Disclosure Statement at 19; Plan at 9, Article II A (1). The plan as described by the proposed Disclosure Statement thus violates 11 U.S.C §1129(a)(9). In addition, the phrase "as soon as reasonably practicable" is vague and may leave Hess and other administrative expense claimants without a remedy should payment be significantly delayed after the Effective Date.

**WHEREFORE**, Hess respectfully requests that the Court withhold approval of the Disclosure Statement, as it does not provide adequate information regarding the treatment of Section 503(b)(9) administrative claims consistent with the Bankruptcy Code payment requirement, together with such other and further relief as this Court deems appropriate.

    Respectfully,

    **WILENTZ, GOLDMAN & SPITZER, P.A.**
    Attorneys for Hess Corporation

    By:_____*/s/ David H. Stein*_____
        David H. Stein

Dated: August 5, 2011